UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANEBUR PROPERTIES,<br><br>    Plaintiff,<br><br>    v.<br><br>ROGER GONZALES, et al.,<br><br>    Defendants. | Case No. SA CV 15-1544 CJC (JCGx)<br><br>**ORDER SUMMARILY REMANDING IMPROPERLY REMOVED ACTION** |

    The Court will summarily remand this unlawful detainer action to state court because Defendant removed it improperly.

    On September 24, 2015, Defendant Francisco Llamas, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice of Removal of that action in this Court ("Notice") and also presented an application to proceed *in forma pauperis*.[1] [Dkt. Nos. 1, 4.] The Court has denied the latter application under separate cover because the action was improperly removed. To

---

[1] Llamas is not named in Plaintiff's state court action. [*See* Dkt. No. 1 at 31-33 ("Complaint").] However, Lllamas's stated address is identical to that of the property at issue. (*See* Notice at 1; Compl. at 2.) Accordingly, the Court infers that Llamas is one of the Doe Defendants named in the Complaint. (*See* Compl. at 1.)

1

prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

In the Notice, Defendant primarily contends that removal is proper under 28 U.S.C. § 1443(1), on the grounds that "the California Civil Code procedures authorizing non-judicial foreclosures and judicial evictions . . . discriminate[] unfairly against pro se litigants" and thus violate 42 U.S.C. §§ 1981 and 1982. (Notice at 16.)

As a rule, a successful petition for removal under 28 U.S.C. § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780 (1966), and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808 (1966). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.*

Assuming, without deciding, that Defendant satisfies the first prong of this test, he fails to satisfy the second. That is, Defendant fails to identify any "state statute or . . . constitutional provision that purports to *command* the state courts to ignore [Defendant's] federal rights." *See id.* (emphasis added); *see also U.S. Bank Nat'l Ass'n v. Melchor*, 2014 WL 3737972, at *4 (C.D. Cal. July 25, 2014) ("[Defendant's assertion] that California's unlawful detainer scheme is discriminatory against pro se defendants . . . is insufficient to support removal pursuant to 28 U.S.C. § 1443(1).").

Thus, there is no basis for removal under 28 U.S.C. § 1443(1).

Separately, Defendant requests "limited discovery" to determine whether the Court may assert diversity jurisdiction over the action. (Notice at 7.) Notably, however, even if complete diversity of citizenship exists, Defendant cannot properly remove the action because Defendant resides in the forum state. (*See* Notice at 1); *see also* 28 U.S.C. § 1441(b)(2).

1  Accordingly, IT IS ORDERED that: (1) this matter be REMANDED to the
2 Superior Court of California, County of Orange, Harbor Justice Center, 4601 Jamboree
3 Road, Newport Beach, CA 92660, for lack of subject matter jurisdiction pursuant to
4 28 U.S.C. § 1447(c); (2) the Clerk send a certified copy of this Order to the state court;
5 and (3) the Clerk serve copies of this Order on the parties.

8  DATED:  September 30, 2015              *[signature]*

9                                          HON. CORMAC J. CARNEY
                                           UNITED STATES DISTRICT JUDGE